E. GRADY JOLLY, Circuit Judge,
joined by STEWART, Chief Judge, DENNIS, and GRAVES, Circuit Judges, dissenting:
I am in agreement with the majority’s framework for deciding this case. Specifically, I agree that Johnson “highlighted two features of the [Armed Career Criminal] Act’s residual clause that together make the clause unconstitutionally vague [and that] 18 U.S.C. § 16(b) shares these two features.” I also agree that “neither feature causes the same level of indeterminacy in the context of 18 U.S.C. § 16(b).” The majority, however, drifts from reason- — -and into the miasma of the minutiae — when it determines that these vagaries suffice to distinguish § 16(b) from the residual clause. Accordingly, I respectfully dissent.
*685 The majority offers two distinctions between the residual clause and § 16(b). I agree that both distinctions exist. Both distinctions, however, are much less analytically consequential than the majority suggests; both “are, ultimately, distinctions without a difference,” as the Sixth Circuit recently held. Shuti v. Lynch, No. 15-3835, 828 F.3d 440, 448, 2016 WL 3632539, at *7 (6th Cir. July 7, 2016). Furthermore, the ACCA’s residual clause was clearly unconstitutional and, even though § 16(b) may be slightly less indeterminate, it is nonetheless similar enough to the residual clause to be trapped by the same unconstitutional character.
Let’s start with the majority’s two distinctions between the residual clause and § 16(b). First, the majority points out that the residual clause’s use of potential injury “requires courts to guess at the potential risk of possibly future injury.” In contrast, § 16(b) asks only “whether a perpetrator’s commission of a crime involves a substantial risk of physical force.” The difference, when sliced very thinly, may indicate that § 16(b) is slightly less indeterminate because a reviewing court can more easily determine the physical force of a crime than the future injury resulting from a crime; nonetheless, nearly all uses of physical force “risk a possibility of future injury.” Thus, virtually every criminal act that satisfies the § 16(b) test could also satisfy the residual clause’s test; any distinction between the two statutes on this ground is of indeterminate ultimate consequence to § 16(b)’s unconstitutionality under Johnson.
Second, the majority points out that the residual clause was preceded by “a confusing list of examples.” In particular, the Johnson Court was troubled by the inclusion of “burglary” as an example of a residual clause crime. Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2558, 192 L.Ed.2d 569 (2015). (“The inclusion of burglary ... among the enumerated offenses suggests that a crime may qualify under the residual clause even if the physical injury is remote from the criminal act. But how remote is too remote? Once again, the residual clause yields no answers.”). And, as the majority points out in “§ 16(b), the amount of risk required- — ‘substantial risk’ — is not linked to any examples” in the text.
Again, I can agree that this provides a shadow of difference, but hardly a constitutional sockdolager. This difference between the two statutes is particularly slight because, through judicial interpretation, § 16(b) not only contains an example, it contains the very example that most troubled the Johnson Court. Specifically, the Supreme Court has previously explained that burglary is the “classic example” of a § 16(b) crime. Leocal v. Ashcroft, 543 U.S. 1, 10, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004). And “burglary” was the most confusing of the residual clause’s “confusing examples.” If “burglary” is a confusing example in one statute, then it is just as confusing in the other. Certainly, § 16(b) offers no more guidance about how much physical force, if any, is risked in an ordinary burglary than the residual clause offers regarding the risk of injury from an ordinary burglary. As a result, the (judicially created) example in § 16(b) is nearly as confusing as the textual examples in the residual clause; again, any distinction between the two statutes is not salient enough to constitutionally matter.
In short, the differences identified by the majority may be distinctions, but are truly “distinctions without a difference,” Shuti, 828 F.3d at 448, 2016 WL 3632539, at *7, and cannot account for different constitutional treatment of such otherwise similar statutes.
*686 The majority’s second error is that it. assumes, without supporting reasoning, that even minor differences between the residual clause and § 16(b) justify treating the two statutes differently. The majority starts from the premise that § 16(b) is less indeterminate than the residual clause (I agree), and then concludes that § 16(b) is therefore constitutional (I disagree). This conclusion does not follow.
To reach this erroneous conclusion, the majority misreads Johnson. Specifically, the majority appears to read Johnson as, in effect, drawing a line in the sand at the residual clause and decreeing “anything clearer than this is constitutional; anything vaguer is not.” And if this reading of Johnson were correct, then the majority could rightly point to even minor distinctions to argue that § 16(b) falls on the constitutional side of the line.
But the Johnson Court did not draw a line at the residual clause. Instead, the Johnson Court held that the residual clause was so clearly unconstitutional that the Court should overrule two past cases, setting aside the revered doctrine of stare decisis to do so. Of course, the Supreme Court is painfully reluctant to depart from the “vital rule of judicial self-government” embodied in stare decisis. Johnson, 135 S.Ct. at 2563. That it chose to override the principle of stare decisis in Johnson demonstrates that the residual clause had trespassed well over the constitutional line.
Thus, the proper inquiry is not whether there are any differences between § 16(b) and the residual clause; there assuredly are. Instead, the proper inquiry is whether the dissimilarities between the two statr utes allow dissimilar resolutions to the fundamental question of their constitutionality-
In conducting this inquiry, I simply return to the text. Compare a crime “that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense” with an offense that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” These statutes read extremely similarly. The majority of circuits to have considered the question have held that these two similar texts must suffer the same constitutional fate. Compare Shuti, 828 F.3d 440, 2016 WL 3632539, and United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015), and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir 2015) (striking down § 16(b) or materially identical laws) with United States v. Hill, No. 14-3872, - F.3d -, -, 2016 WL 4129228, slip op. at 22 (2nd Cir. Aug. 3, 2016) (upholding such a law). The majority, engrossed by thinly sliced and meaningless distinctions, adopts the minority view and errs by losing track of the entirety: these statutes, in constitutional essence, say the same thing.
Accordingly, I respectfully dissent.